**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| NUTRAGANICS, INC., et al. ) | |
| ) | |
| ) | Case No. 16-12271 (CSS) |
| Debtor ) | |
| ) | (Jointly Administered) |
| ) | |
| ) | |
| NUSTAR MANUFACTURING, LLC ) | Adv. Proc. No. 19-50260 |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| AST SPORTS SCIENCE, INC. ) | |
| ) | |
| Defendant. ) | |

**ANSWER AND COUNTERCLAIMS**
**OF AST SPORTS SCIENCE, INC. TO**
**COMPLAINT FOR: (I) TURNOVER OF PROPERTY OF THE ESTATE; AND**
**(II) VIOLATION OF THE AUTOMATIC STAY**

AST Sports Science, Inc. ("AST"), through its counsel, Wadsworth Garber Warner Conrardy, P.C., and The Law Office of R. Garth Ferrell, P.C., submits the following Answer and Counterclaims to the Complaint for: (I) Turnover of Property of the Estate; and (II) Violation of the Automatic Stay ("Complaint").

**ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

AST answers the specific numbered allegations of the Complaint as follows:

**Preliminary Statement**

1. AST admits that prior to Plaintiff's bankruptcy petition, Plaintiff was a contract manufacturer for AST. AST denies that it has a balance owed to Plaintiff of $138,590.32. AST denies that Plaintiff is entitled to judgment compelling turnover of the disputed account receivable balance. AST denies that it is liable for accrued interest, attorneys fees or damages with respect to allegations relating to the automatic stay. AST denies all other allegations of paragraph 1 of the Complaint.

### Jurisdiction and Venue

2. AST admits this averment.

3. AST admits that venue is proper under 28 U.S.C. §1409(a).

4. Paragraph 4 of the Complaint calls for a legal conclusion and no response is required. To the extent a response is required, AST denies the allegations of paragraph 4 of the Complaint.

### The Parties

5. AST admits the allegations of paragraph 5 of the Complaint.

6. AST admits the allegations of paragraph 6 of the Complaint.

### Background

**A. The Chapter 11 [sic] Cases**

7. AST admits the allegations of paragraph 7 of the Complaint.

8. AST admits the allegations of paragraph 8 of the Complaint.

**B. Facts**

9. AST admits that prior to the Petition Date, Plaintiff was a contract manufacturer for AST. AST denies the remaining allegations of paragraph 9 of the Complaint.

10. AST denies the allegations of paragraph 10 of the Complaint.

11. AST denies the allegations of paragraph 11 of the Complaint.

12. AST admits that Plaintiff has made demands to AST for payment of the disputed accounts receivable balance (the "Disputed Accounts"), but denies AST owes Plaintiff any amounts due.

13. AST admits that is has not paid the Disputed Accounts, but denies that it owes any amount of the Disputed Accounts to Plaintiff.

### First Claim for Relief
### (Turnover by Defendant Pursuant to 11 U.S.C. §542 of the AR Balance)

14. AST hereby incorporates its answers to paragraphs 1-13, above.

15. AST denies the allegations of paragraph 15 of the Complaint.

16. AST denies the allegations of paragraph 16 of the Complaint.

17. AST admits that it has not paid the Disputed Accounts, and further denies that AST owes the Plaintiff any amount of the Disputed Accounts.

18. AST admits that Plaintiff has made demands to AST to pay the Disputed Accounts, but denies that Plaintiff demanded turnover pursuant to 11 U.S.C. §542. AST denies that AST owes Plaintiff any amount of the Disputed Accounts. AST denies that the Disputed Accounts are subject to turnover pursuant to 11 U.S.C. §542.

19. AST admits that it has not paid Plaintiff any of the amounts claimed by Plaintiff for the Disputed Accounts. AST denies that the Disputed Accounts are subject to turnover pursuant to 11 U.S.C. §542.

20. AST denies the allegations of paragraph 20 of the Complaint.

### Second  Claim for Relief
### (Violation of the Automatic Stay)

21. AST hereby incorporates its answers to paragraphs 1-20, above.

22. AST denies that it is liable to Plaintiff for any amounts demanded by Plaintiff with respect to the Disputed Accounts receivable balance. AST denies that the Disputed Accounts are subject to turnover pursuant to 11 U.S.C. §542. AST denies the remaining allegations of paragraph 22 of the Complaint.

23. AST denies that it violated the automatic stay. AST denies the remaining allegations of paragraph 23 of the Complaint.

24. AST denies the allegations of paragraph 24 of the Complaint.

WHEREFORE, AST Sports Science, Inc. requests entry of judgment in its favor and against Plaintiff on all allegations and claims of the Complaint, and for such other and further relieve as the Court deems proper under the circumstances.

## **Affirmative Defenses**

Without conceding that any of the following necessarily must be pleaded as affirmative defenses, or that any of the following are not already at issue by virtue of the forgoing denials, or by virtue of AST's Counterclaims stated hereafter, AST alleges the following affirmative defenses to the Complaint:

1. AST denies that the Disputed Accounts are subject to turnover pursuant to 11 U.S.C. §542.

2. Plaintiff cannot recover the amount demanded under 11 U.S.C. § 542 because the amount demanded is a disputed pre-petition account receivable.

3. Plaintiff's claim for violation of 11 U.S.C § 362 fails because AST has valid defenses to payment of the accounts receivable amounts claimed by Plaintiff.

4. Plaintiff's claim for violation of 11 U.S.C § 362 fails because no conduct by AST

is or was willful.

5. Plaintiff cannot enforce or recover on a contract procured by fraud and/or concealment. The contract and invoices upon which Plaintiff's claims are based procured by fraud, including fraudulent misrepresentations, concealments and failures to disclose that created false impressions that Plaintiff was competent and able to perform the contracts and invoices as promised, and that the product manufactured by Plaintiff was consistent with the product as identified in the invoices. Plaintiff knew or reasonably should have known that products shipped to AST were not manufactured according to the specifications in the invoices.

6. Plaintiff's claims against AST that are based in contract are barred as a result of the lack of mutuality of consideration between the parties to the contract, and the contract and invoices upon which plaintiff seeks recover fail for a want of consideration.

7. Plaintiff's injuries and damages, if any, are the proximate result of plaintiff's own failure to mitigate damages.

8. Plaintiff's claims are barred by the statute of frauds regarding product that was delivered to AST or attempted to be delivered to AST, that was never ordered by AST.

9. Plaintiff cannot recover because AST did not order, authorize, approve, or accept the contract or the goods delivered.

10. Plaintiff's claims are barred by failure of a condition precedent or a condition subsequent to performance by AST.

11. AST is entitled to a setoff against the amount claimed that is in excess of the amount claimed by Plaintiff.

12. Plaintiff cannot recover because Plaintiff failed to follow the common and accepted practices of the trade and industry standards.

13. Plaintiff's claims are barred by plaintiff's own unclean hands, laches, waiver and estoppel.

14. The Disputed Accounts are not property of the bankruptcy estate.

15. The Disputed Accounts are not property that the trustee can use, sell or lease.

16. The Disputed Accounts is has not matured, is not payable on demand, or payable on order.

17. To the extent any Disputed Accounts are due and owing, such amounts are subject to setoff pursuant to Bankruptcy Code § 553.

18. Plaintiff's claims are barred under the applicable limitations period of 11 U.S.C § 108(a).

WHEREFORE, AST Sports Science, Inc. requests entry of judgment in its favor and against Plaintiff on all allegations and claims of the Complaint, for fees and costs and for such other and further relieve as the Court deems proper under the circumstances.

## COUNTERCLAIMS

AST Sports Science, Inc. ("AST"), as Counterclaim Plaintiff, Pursuant to Federal Rule of Bankruptcy Procedure 7013, alleges the following Counterclaims against Plaintiff/Counterclaim Defendant Nustar Manufacturing, LLC ("Nustar" or "Counterclaim Defendant") in this adversary proceeding:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this Counterclaim pursuant to Federal Rule of Bankruptcy Procedure 7013, and Federal Rule of Civil Procedure 13(a), as a compulsory counterclaim.

2. Venue is proper pursuant to 28 U.S.C. §1409(a).

3.  The counterclaims are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

**The Parties and Background**

4.  Counterclaim Plaintiff AST is a wholesale and retail distributor of supplement products.

5.  Nustar as Plaintiff alleges claims against AST in this adversary proceeding, and is one of the debtors in this jointly administered Chapter 7 bankruptcy.

6.  In early 2016, AST issued certain purchase orders to Nustar for purchase of various supplement products for resale to AST customers.

7.  In connection with these purchase orders, AST specifically directed Nustar, and Nustar agreed, not to ship certain products in the purchase orders until specifically instructed and ordered by AST.

8.  During the course of performance of the purchase orders, Nustar nevertheless shipped product to AST that was not specifically ordered by AST.

9.  During the course of performance of the purchase orders, Nustar sent certain invoices to AST and demanded payment, and continues to demand payment, for product that was never shipped by Nustar, and was never delivered to AST.  Upon information and belief, Nustar never manufactured this product.

10. Nustar failed and refused to deliver with its shipments to AST all United States Food and Drug Administration ("FDA") required documentation, including certificates of analysis (collectively, the "FDA Documentation").  In the supplement industry, delivery of product is not deemed completed until all FDA Documentation is provided to the customer, in this case AST.

11. During the course of performance of the purchase orders, AST became subject to an audit and physical inspection by the United States Food and Drug Administration ("FDA") which included certain product supplied by Nustar. Despite AST's timely request, Nustar failed and refused to cooperate with AST in a timely manner by providing certificates of analysis ("COAs") that were demanded by the FDA from AST. This prevented AST form selling the product at issue and created an unwarranted and unneeded adversarial relationship with the FDA, and damaged AST's reputation and sales.

12. During the course of performance of the purchase orders, Nustar shipped product that was defective, and that Nustar knew or should have known did not include flavoring, and on information and belief other ingredients. Nustar's failure to properly formulate product rendered the product unmerchantable and damaged AST.

13. Prior to entering into the agreements with AST, Nustar represented to AST that Nustar was a qualified and competent manufacturer of the supplement products ordered by AST. In fact, Nustar was not qualified, and upon information and belief, did not have experienced employees manufacturing product for AST. On information and belief, Nustar knew or should have known it was unable to competently fill ASTs purchase orders because it was under great financial strain, lacked proper staffing, and lacked proper know-how or staffing to properly formulate, manufacture and deliver the supplement products ordered by AST.

**FIRST CAUSE OF ACTION**
**(Fraud/Misrepresentation)**

14. The allegations of paragraphs 1 through 13 of the Counterclaims are incorporated herein by reference.

15. In connection with persuading AST to enter into the purchase order with Counterclaim Defendant, Counterclaim defendant, through its agents, made false representations concerning certain facts, or concealed certain facts, thus deceiving AST, including but not limited to:

(a) that Counterclaim Defendant Nustar was a competent and capable manufacturer of supplements of the type ordered by AST;

(b) that Counterclaim Defendant Nustar would only ship product to AST upon AST's request that the purchase order be filled, even though Nustar had no intention to comply with this agreement and understanding;

(c) by fraudulently issuing invoices for product ostensibly had been shipped to AST when in fact the product had not been shipped;

(d) fraudulent represented that it would assist with any FDA investigation;

(e) fraudulently asserted that AST was falsifying the FDA investigation to avoid its obligations to AST;

(f) fraudulently represented that it could and would provide the FDA Documentation;

(g) fraudulently represented that it could and would produce the product to the specifications provided by AST; and

(h) fraudulently represented to AST that the product shipped to AST met AST's specifications.

16. Each of the facts was materially related to the purchase orders placed by AST.

17. At the time Counterclaim Defendant Nustar made the representations, Counterclaim Defendant either knew the representations were false, or was aware that they did not know whether the representations were true or false, or had already determined not to comply with the representations.

18. Defendants made the representations with the intent that AST would rely on the representations.

19. AST justifiably relied on Counterclaim Defendant's false representations in entering into the purchase orders with Counterclaim Defendant and in placing the purchase orders.

20. As a direct result of Counterclaim Defendant's misrepresentations and concealments, AST has suffered damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
**(Breach of Contract)**

21. The allegations of paragraphs 1 through 20 of the Counterclaims are incorporated herein by reference.

22. AST and Counterclaim Defendant entered into agreements concerning AST's purchase of certain supplement products.

23. Counterclaim Defendant breached the agreements in several respects, including but not limited to:

(a) shipping product before the product was specifically ordered by AST;

(b) fraudulently invoicing for product that Counterclaim Defendant in fact never shipped to AST;

(c) failing to cooperate with AST in good faith, after being notified by AST, to complete and an FDA audit that included Counterclaim Defendant's products;

(d) shipping defectively manufactured products to AST; and

(e) fraudulently representing to AST that Counterclaim Defendant was competent and capable of fulfilling the purchase orders; and that Counterclaim Defendant would only ship product upon AST's specific instructions.

24. AST has been damaged as a result of Counterclaim Defendant's breaches of contract.

25. Counterclaim Defendant's breaches of contract are the cause of AST's damages.

### THIRD CAUSE OF ACTION
### (Intentional Interference with Contract)

26. The allegations of paragraphs 1 through 25 of the Counterclaims are incorporated herein by reference.

27. AST had existing contracts with third parties regarding the sale of the products that Counterclaim Defendant agreed to manufacture for AST.

28. Counterclaim Defendant knew or reasonably should have known that AST had such contracts with third parties for the sale of the product to be supplied by Counterclaim Defendant in connection with the purchase orders.

29. Counterclaim Defendant, by words, or conduct or both, intentionally caused the third parties not to perform their contracts with AST.

30. Counterclaim Defendant's interference with the contracts was improper.

31. Counterclaim Defendant's interference with the contracts caused AST damages.

### FOURTH CAUSE OF ACTION
### (Breach of Implied Duty of Good Faith and Fair Dealing)

32. The allegations of paragraphs 1 through 31 of the Counterclaims are incorporated herein by reference.

33. AST and Counterclaim Defendant entered into agreements relating to Counterclaim Defendant's manufacture and delivery of certain supplement products to AST.

34. The supplement products ordered by AST are subject to the FDA's regulations relating to audit and inspection for adulterated food supplies. Counterclaim Defendant is aware of such regulations.

35. It is both a matter of law and common industry practice for manufacturers of supplements to provide COAs in connection with products manufactured for customers, especially in connection with FDA audits and inspections. The COAs identify the contents of the products and allow the FDA to make regulatory determinations with respect to a product's content, quality and safety.

36. AST provided notice to Counterclaim Defendant that AST was under an FDA audit and inspection with respect to certain products that had been manufactured by Counterclaim Defendant.

37. Upon being given such notice of the FDA's audit and inspection, Counterclaim Defendant stalled, accused AST of falsely claiming the FDA's request for the COA's, and otherwise failed to timely provide AST with COA's as required by law and industry practice.

38. Counterclaim Defendant's failure to timely provide COA's was a breach of it's implied duty of good faith and fair dealing with AST with respect to compliance with both law and normal practice in the supplement manufacturing industry.

39. Counterclaim Defendant's breach of the implied duty of good faith and fair dealing in timely providing COAs caused damage to AST.

## FOURTH CAUSE OF ACTION
**(Setoff)**

40. The allegations of paragraphs 1 through 40 of the Counterclaims are incorporated herein by reference.

41. The Disputed Accounts pertain to conduct that arose prior to October 14, 2016 (the "Petition Date").

42. The asserted Counterclaim arose prior to the Petition Date.

43. Bankruptcy Code § 553(a) provides:

**(a)** Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . .

44. To the extent the Court determines that any of the Disputed Accounts are due and owing to the bankruptcy estate, such amounts are subject to setoff pursuant to Bankruptcy Code § 553(a) in an amount to be determined by the Court.

## Conclusion

WHEREFORE, AST Sports Science, Inc. requests entry of judgment in its favor and against Counterclaim Defendant on all Counterclaims, for damages as alleged in the Counterclaims, for fees and costs incurred in this action, and for such other and further relieve as

the Court deems proper under the circumstances.

Respectfully submitted this 8th day of July, 2019

>*/s/ Aaron A. Garber*
>Aaron A. Garber, Bar Id. 3837
>WADSWORTH GARBER WARNER CONRARDY, P.C.
>>2580 West Main Street, Suite 200
>>Littleton, CO 80120
>>Telephone: (303) 296-1999
>>Fax: (303) 296-7600
>>E-mail:agarber@wgwc-law.com
>
>R. GARTH FERRELL
>THE LAW OFFICE OF R. GARTH FERRELL, P.C.
>4610 S. Ulster St., Ste 150
>Denver, CO 80237
>Telephone: (303) 337-1890
>Email: gferrell@gferrell-law.com
>
>*Attorneys for Defendant and Counterclaim Plaintiff AST Sports Science, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned certifies that on the 8th day of July, 2019, I served by ECF a copy of the forgoing **ANSWER AND COUNTERCLAIMS OF AST SPORTS SCIENCE, INC. TO COMPLAINT FOR: (I) TURNOVER OF PROPERTY OF THE ESTATE; AND (II) VIOLATION OF THE AUTOMATIC STAY** upon the following:

PUCHULSKI STANG ZIEHL & JONES, LLP
Bradford J. Sandler
Colin R. Robinson
Peter J. Keane
919 N. Market Street, 17th Floor
Wilmington, DE 19801

***Counsel to Alfred T. Guiliano, Chapter 7 Trustee***

                                           */s/ Nichole Garber*_____
                                           For Wadsworth Garber Warner Conrardy, P.C.